IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 09-00343 JMS |
|---|---|---|
| Plaintiff, | ) | ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL OF UNITED STATES DISTRICT JUDGE JOHN MICHAEL SEABRIGHT |
| vs. | ) | |
| WILLIE JAMES COWARD, | ) | |
| Defendant. | ) | |

ORDER DENYING MOTION FOR RECONSIDERATION OF
ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL OF
<u>UNITED STATES DISTRICT JUDGE JOHN MICHAEL SEABRIGHT</u>

Before the court is Defendant Willie James Coward's Motion for Reconsideration of Order Denying Defendant's Motion for Recusal of United States District Judge John Michael Seabright. In an abundance of caution, Judge Seabright has referred the reconsideration motion to another judge. The present judge now denies the reconsideration motion.

I. <u>FACTUAL BACKGROUND</u>

Coward pled guilty to having made a false statement in an application for a United States passport, in violation of 18 U.S.C. § 1542. Indictment, ECF No. 1; Minutes of Proceedings on December 16, 2009, ECF No. 12. Judge Seabright sentenced him to an eight-month prison term. Judgment, ECF No. 26. Coward appealed, then filed a motion to stay his sentence, which Judge Seabright granted. Notice of Appeal, ECF No. 32; Motion to Stay Sentence Pending Appeal, ECF No. 43; Order Granting Defendant's Motion to Stay Sentence Pending Appeal, ECF No. 48. In an

unpublished order filed on February 17, 2011, the Ninth Circuit affirmed the judgment. Memorandum, ECF No. 52. Defendant then entered the Federal Detention Center in Honolulu to begin serving his prison sentence on May 5, 2011. Return on Execution of Judgment, ECF No. 79. As a follow up to the oral granting of Coward's counsel's motion to withdraw as counsel, Judge Seabright provisionally appointed new counsel for Coward to determine whether Coward might have unexhausted appellate rights, as Coward himself contended. Minute Order of May 6, 2011, ECF No.76; Transcript of Proceedings on May 5, 2011, ECF No. 81.

The next thing that Judge Seabright did in the case was to issue a sealed Order To Release Confidential Pretrial Services Information as to Willie James Coward on November 8, 2011. ECF No. 82. Three months later, by a letter dated February 7, 2012, ECF No. 84, Coward asked Judge Seabright to recuse himself "[s]ince you cannot be fair to me and most importantly, an impartial and just Federal Judge in the District of Hawaii." Judge Seabright denied the recusal motion because (1) Coward had no matters before this court, and (2) Coward appeared to be basing his request on Judge Seabright's rulings, not on alleged prejudice resulting from an extrajudicial source, as required for recusal under 28 U.S.C. § 455 by a 1986 Ninth Circuit decision Judge Seabright quoted. Order Denying Defendant's Motion for

Recusal of United States District Judge J. Michael Seabright, ECF No. 85. Coward now seeks reconsideration of that denial.

Because the reconsideration motion, unlike the initial recusal request, included Coward's declaration asserting that Judge Seabright was biased, Judge Seabright liberally construed the reconsideration motion as possibly brought pursuant to 28 U.S.C. § 144, which requires an affidavit or declaration. Because § 144 states that motions brought under and complying with § 144 may not be decided by the judge whose recusal is sought, he referred the reconsideration motion to another district judge. ECT No. 87.

II. <u>ANALYSIS</u>

The declaration Coward submits in support of his reconsideration request states that Coward is seeking Judge Seabright's recusal under 28 U.S.C. § 455(a). Section 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455 does not require that a recusal request be supported by any affidavit or declaration.

Recusal may alternatively be required under 28 U.S.C. § 144, although § 144 was not cited by Coward. Section 144 states:

> Whenever a party to any proceeding in
> a district court makes and files a timely

> and sufficient affidavit that the judge
> before whom the matter is pending has a
> personal bias or prejudice either against
> him or in favor of any adverse party, such
> judge shall proceed no further therein,
> but another judge shall be assigned to
> hear such proceeding.
>
> The affidavit shall state the facts
> and the reasons for the belief that bias
> or prejudice exists, and shall be filed
> not less than ten days before the
> beginning of the term at which the
> proceeding is to be heard, or good cause
> shall be shown for the failure to file it
> within such time.  A party may file only
> one such affidavit in any case.  It shall
> be accompanied by a certificate of counsel
> of record stating that it is made in good
> faith.

28 U.S.C. § 144.  Coward's original recusal request, unlike his reconsideration motion, did not contain any affidavit or declaration and so was not deemed to have been brought under § 455.

Coward's reconsideration motion does not provide grounds for requiring Judge Seabright's recusal, whether construed as falling under § 455(a) or § 144.  The court notes that the declaration attached to Coward's reconsideration motion refers to occurrences between January 13, 2009, and November 8, 2011, but Coward offers no explanation for his failure to refer to those instances in his original recusal request.  As he raises them for the first time in his reconsideration motion, he is not actually seeking "reconsideration" of any recusal request based on those matters.  The court nonetheless considers them.

4

A.  28 U.S.C. § 455(a)

In Liteky v. United States, 510 U.S. 540 (1994), the Supreme Court discussed § 455(a) at length.  Because Judge Seabright's denial of Coward's original recusal request relied on Ninth Circuit case law stating that recusal under § 455(a) must be based on an extrajudicial source, this court begins its discussion of § 455(a) by pointing out that Liteky made it clear that derivation from an "extrajudicial source" is not a necessary condition for recusal for bias or prejudice under § 455(a).  The Supreme Court said:

> For all these reasons, we think that the "extrajudicial source" doctrine, as we have described it, applies to § 455(a).  As we have described it, however, there is not much doctrine to the doctrine.  The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for "bias or prejudice" recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice.  Nor is it a *sufficient* condition for "bias or prejudice" recusal, since *some* opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will *not* suffice.  Since neither the presence of an extrajudicial source necessarily establishes bias, nor the absence of an extrajudicial source necessarily precludes bias, it would be better to speak of the existence of a significant (and often determinative) "extrajudicial source" *factor,* than of an "extrajudicial source" *doctrine*, in recusal jurisprudence.

Id. at 554-55.

5

The Supreme Court went on to explain what does and does not warrant recusal under § 455(a):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration–even a stern and short-tempered judge's ordinary efforts at courtroom administration–remain immune.

Id. at 555-56.

Having examined each of the specific items listed in Coward's reconsideration motion, this court finds none that falls outside the very kind of conduct that the Supreme Court has said does not support recusal.

6

First, in the text of his reconsideration motion, Coward complains that Judge Seabright's denial of his original recusal request was based on an inaccurate statement. In denying the original recusal request, Judge Seabright said that there was nothing for him to recuse from. "Defendant has no matters pending before this court. Although he is apparently under the court's supervision, the court is unaware of any pending matter involving the Defendant." Coward asserts, "This is totally UNTRUE." Coward notes that he is in the midst of litigation with Quoc Ke Tiet. But that litigation does not render Judge Seabright's order untrue. Coward's ongoing litigation with Quoc Ke Tiet is proceeding in state court, not in this court. Judge Seabright's order expressly stated that Coward "has no matters pending before this court." By the time Judge Seabright denied the original recusal request, it had been three months since Judge Seabright's last ruling affecting Coward, and nothing remained pending before Judge Seabright from which he could have recused himself.

While Coward's reconsideration motion also complains that, on November 8, 2011, Judge Seabright ruled on an ex parte request that Coward had no opportunity to object to, Coward shows neither that the matter in issue was inappropriate for ex parte consideration, nor that Coward had colorable objections to raise. Indeed, Coward does not provide any hint of what objections he

7

would have liked to raise.  Upon learning of the complained-about ruling, which was promptly served on Coward's counsel in the present criminal action, Coward neither moved for reconsideration by Judge Seabright nor appealed.  It is those actions that Coward should have pursued, not a recusal request filed three months later.

None of the matters listed in the declaration attached to Coward's declaration, either alone or in combination, supports recusal, even assuming Judge Seabright had something to recuse himself from.  Coward first complains that Judge Seabright should have recused given Judge Seabright's knowledge of "pertinent information about Coward's civil case on or about January 13, 2009."  Coward appears to have been referring to Coward v. Hawaii, Civil No. 09-00019 KSC.  That case was randomly assigned to Judge Seabright, who, on January 13, 2009, issued an order granting Coward's application to proceed without prepayment of fees and directing service of process.  On December 18, 2009, Judge Seabright's involvement with that case ended, as he approved the parties' consent to jurisdiction by Magistrate Judge Kevin Chang.  Judge Seabright held no hearing in that case and made no ruling other than the one entered on January 13, 2009.

Coward is mistaken in thinking that a judge must recuse simply because the judge has information about other litigation involving a party.  No law supports such a blanket requirement.

As the passage quoted above from Liteky makes clear, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of . . . .. prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. " 510 U.S. at 555.  As Judge Seabright granted Coward's application to proceed without prepayment of fees, Coward cannot plausibly argue that Judge Seabright's order in Coward's civil case displayed an antagonism that made fair judgment impossible.

Coward next argues that, at a hearing in the present case on May 17, 2010, Judge Seabright "created a mockery about the authenticity" of a doctor's letter.  The court finds nothing in Judge Seabright's discussion about that letter that raises any question about Judge Seabright's impartiality.  Judge Seabright noted during Coward's sentencing hearing that the letter in issue sounded very different from other letters Judge Seabright had received from the same doctor.  After the doctor confirmed by phone that the letter was indeed from him, Judge Seabright said, "Part of my concern was the way it was written.  And I'm fully satisfied that Dr. Turnbull wrote it and that it's legitimately his views.  But it's an extremely unusual letter in that it provides no scientific overview or diagnostic overview that goes

9

below any surface level whatsoever." Transcript of May 17, 2010, at 14, ECF No. 38.

Coward suggests that Judge Seabright demonstrated bias in sentencing "Coward, a non-white defendant and Read, a white defendant" differently, even though both were charged with having made false statements in passport applications. The court discerns no racial bias or other basis for recusal simply because defendants in separate cases received different sentences. In Criminal No. 10-24, Judge Seabright sentenced Robert Marshall Read to three months in prison on the false statement charge, followed by twenty-four months in prison on an aggravated identity theft charge. The aggravated identity theft sentence was subsequently reduced by twelve months in an order granting the Government's motion for a reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Civil Procedure. Coward simply does not show that the difference between his false statement sentence and Read's flowed from bias or some other improper source.

The court turns next to Coward's complaint that Judge Seabright failed to respond to his request that Judge Seabright notify the Bureau of Prisons that it had miscalculated his release date. Coward says that he was released five days later than he should have been released. The request Coward refers to appears to have sent by Coward to the Probation Office. The

request states "Ethel Sawyer needs Judge Seabright to let USPO and BOP and [illegible] in writing how many days Willie Coward (99149022) must serve in his eight months sentence." This court is not here determining that Coward was held too long, but if that did occur, then Coward's dismay is more than understandable. However, that would not establish judicial bias. First, there is no indication in the record that Judge Seabright even saw this request. Second, there is no reason to think that Judge Seabright could or would have said anything not already set forth in the judgment, which the BOP presumably had. While Coward may think that judges or probation officers control release dates, in fact that is something that falls within the purview of the Bureau of Prisons, not court personnel. No bias on Judge Seabright's part is evident in connection with the determination of Coward's release date.

Coward also complains that Judge Seabright was not persuaded by a letter from Dr. Andrew Fong, directed to "To whom it may concern." That letter states that delaying Coward's incarceration for between four and six months would permit "close follow-up" of central retinal vein occlusions in one eye and newly diagnosed glaucoma in the other eye. The letter is dated April 1, 2011, about a month and a half after the Ninth Circuit affirmed Coward's judgment. By the date of the letter, ten and a half months had passed since Judge Seabright had imposed Coward's

11

sentence, during which time Coward had been released on bail. Judge Seabright's decision not to stay mittimus for up to half a year more does not, absent more evidence, suggest bias.

Although Coward describes Judge Seabright as having acted as both prosecutor and judge, he points to nothing specific in the record, and the court is not aware of anything supporting that description.

Coward's remaining complaints concern Judge Seabright's rulings and comments at hearings held on May 5, 2011, and May 17, 2011. Having reviewed the transcripts of those hearings, the court finds nothing suggesting any basis for recusal. Among the matters Coward complains about is a statement by Judge Seabright that he did not trust Coward. At the hearing on May 5, 1011, Judge Seabright said:

> I don't trust you to turn yourself in necessarily. I don't trust you in what you say because a lot of what you say over the years, your history, is that you lie. You've lied to this court twice in filing civil complaints in alleging an age you weren't, including an age discrimination case."

Transcript of Proceedings on May 5, 2011, at 15, ECF No. 86-9. Clearly, Judge Seabright's distrust flowed from what <u>Liteky</u> describes as "facts introduced or events occurring in the course of the current proceedings, or of prior proceedings." Remarks "that are critical or disapproving of, or even hostile to . . . the parties, or their cases, ordinarily do not support a bias or

partiality charge." Liteky, 510 U.S. at 555. As the Supreme Court said:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.

Id. at 550-51.

Although Coward himself cites Liteky in his reconsideration motion, the court fears he has badly misapprehended that case. Coward's reconsideration motion states, "Affirmatively, Judge Seabright emulated the unjust action of the federal district judge in Liteky's case." But the Supreme Court in Liteky, reviewing the district court's actions, affirmed the court of appeals, which had affirmed the district court. The Supreme Court said, "None of the grounds petitioners assert required disqualification." 510 U.S. at 556. Similarly, none of the grounds asserted by Coward required Judge Seabright's disqualification under § 455(a).

B. 28 U.S.C. § 144

Notwithstanding Coward's reliance on § 455(a), the court turns next to the question of whether Judge Seabright's recusal was alternatively required under 28 U.S.C. § 144.

13

Section 144 requires a party seeking recusal to submit a "timely and sufficient affidavit." The court concludes that Coward's declaration was neither timely nor sufficient.

With respect to timeliness, Coward's declaration was filed long after the matters he complains about. The matter closest in time to his declaration, filed on March 9, 2012, was Judge Seabright's ruling of November 8, 2011. Thus, at a minimum, Coward waited three months about Coward pending before seeking Judge Seabright's recusal. By that time, there was nothing about Coward pending before Judge Seabright. Under these circumstances, it is difficult to see how Coward's declaration could be said to be timely.

Nor is Coward's declaration sufficient. Everything Coward relies on occurred in the course of judicial proceedings. In United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999), the Ninth Circuit found insufficient an affidavit relying on actions taken by the district judge during proceedings, as such actions were "not a proper ground for disqualification" under § 144. None of the actions Coward cites in the reconsideration motion warrants recusal.

Having failed to meet the requirements of § 144, Coward is not entitled to Judge Seabright's recusal under that statute. Indeed, because Coward's declaration was neither timely nor sufficient, there would have been no impropriety had Judge

14

Seabright ruled on the reconsideration motion himself. Id.; Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988).

III. CONCLUSION

Whether construed as based on § 455(a) or § 144, Coward's reconsideration motion fails to establish that Judge Seabright should have recused himself. The reconsideration motion is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 16, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States of America v. Coward; Cr. No. 09-00343 JMS;
ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING
DEFENDANT'S MOTION FOR RECUSAL OF UNITED STATES DISTRICT JUDGE
JOHN MICHAEL SEABRIGHT